# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 11-cr-00382-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

GABRIEL E. SILVA,

     Defendant.

## ORDER DETERMINING COMPETENCY AND COMMITTING DEFENDANT

**Blackburn, J.**

On December 15, 2011, this matter came before me for hearing under 18 U.S.C. §§ 4241 and 4247(d), for determination of the defendant's competency. The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241, as codified and construed.

Having judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; having considered the evidence adduced during the competency hearing; having considered the Forensic Evaluation of Dr. David E. Morrow [#18][1] filed December 15, 2011; having considered the reasons stated, arguments advanced, and authorities cited by the parties in their papers and during the hearing; I enter the following findings of fact,[2] conclusions of law, and orders to confirm and supplement those entered from the bench in open court.

---

[1]    "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2]    My findings of fact are supported by a preponderance of the evidence as required, in part, by 18 U.S.C. § 4241(d).

**FINDINGS AND CONCLUSIONS:**

1. On October 6, 2011, I entered an **Order For Competency Examination And Determination** [#13], granting the **Motion for Order Authorizing Psychiatric or Psychological Examination for the Purpose of Determining Competency** [#10] filed September 26, 2011, by counsel for the defendant.

2. Pursuant to my order and 18 U.S.C. § 4247(b), David E. Morrow, Ph.D., a certified psychologist conducted a psychological examination of the defendant. His report, entitled Forensic Evaluation,[3] included the information, diagnoses, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4). I approve, adopt, and incorporate the findings, diagnoses, and opinions of Dr. Morrow.

3. The defendant is presently suffering from a mental disease or defect[4] rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, the defendant is not presently competent to proceed.

4. Pursuant to the provisions of 18 U.S.C. § 4241(d)(1), the defendant must be committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility[5] to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

5. Pursuant to 18 U.S.C. § 3161(h)(1)(A) and (4), the period of delay resulting from these competency proceedings should be excluded in computing the time within

---

[3] Dr. Morrow's report [#18], which was filed under restriction on December 15, 2011, was admitted in evidence.

[4] Dr. Morrow's diagnoses appear in his report at 10-11. His opinions concerning competency appear in his report at 12-14.

[5] "Suitable facility" is a term defined by 18 U.S.C. § 4247(a)(2).

2

which the trial must commence under 18 U.S.C. § 3161(c).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant, **Gabriel E. Silva**, is declared incompetent to proceed ;

2. That pursuant to and subject to the provisions of 18 U.S.C. § 4241(d)(1), the defendant is committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility for such a reasonable period, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward;

3. That pursuant to 18 U.S.C. § 3161(h)(1)(A) and (4), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c); and

4. That the United States Marshal for the District of Colorado is authorized and directed to transport the defendant to the Federal Bureau of Prisons for placement by the Bureau of Prisons in a suitable facility for hospitalization and treatment as provided in this order.

Dated December 15, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge